1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10 BENJAMIN PENA,

11                                                          CASE NO. 09-CV-2554-IEG (RBB)

12                                   Plaintiff,      **ORDER DENYING DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

   vs.

13 CITY CHEVROLET, et al.

14                                   Defendants.      **[Doc. No. 9]**

15

16

17        Presently before the Court is Defendant Chase Auto Finance Corporation's ("Chase

18 Auto"), erroneously sued as Chase Custom Finance, motion to strike portions of Plaintiff

19 Benjamin Pena's ("Plaintiff") Complaint.  (Doc. No. 09.)  Plaintiff has not filed an opposition.

20        The motion is suitable for disposition without oral argument pursuant to Local Civil Rule

21 7.1(d)(1).  Notwithstanding Plaintiff's failure to respond, the Court reviews the motion on the

22 merits.  For the reasons stated herein, the Court denies the motion to strike.

23                                   **BACKGROUND**

24        The following facts are drawn from Plaintiff's Complaint.  In September of 2009, Plaintiff

25 decided to purchase a car.  After Plaintiff's bank approved his application for financing, he went to

26 the City Chevrolet dealership to purchase a car.  He informed all employees that he did not need

27 assistance with financing, because he was already approved through his bank.  Plaintiff also

28 brought paperwork to establish this fact.  While closing the deal, Plaintiff was notified that City

- 1 -                                        09cv2554

1   Chevrolet desired to access his credit report, and Plaintiff stated firmly that he did not want his file

2   accessed.  Subsequently, Plaintiff's file was accessed a total of 14 times as a result of actions by

3   City Chevrolet and its lender affiliates.  Chase Auto allegedly accessed Plaintiff's TransUnion

4   Credit Report on October 1, 2009 without permission or permissible purpose.

5        On November 12, 2009, Plaintiff filed a Complaint alleging three causes of action: (1)

6   violation of the Fair Credit Reporting Act; (2) violation of the California Consumer Credit

7   Reporting Agencies Act, Cal. Civ. Code 1785.20-1785.22; and (3) negligence.  (Doc. No. 1.)

8        Plaintiff names as defendants City Chevrolet and several lender affiliates.  On January 26,

9   2010, Chase Auto filed the instant motion to strike portions of Plaintiff's Complaint pursuant to

10  Rule 12(f) of the Federal Rules of Civil Procedure.  (Doc. No. 9.)

**DISCUSSION**

11

12  I.    Legal Standard

13       Under Rule 12(f), the Court may "strike from a pleading . . . any redundant, immaterial,

14  impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (2009).  "Although motions to strike are

15  generally looked upon with disfavor, they may be granted on the grounds of immateriality or

16  impertinence when the allegations or language in question have no possible relation to the

17  controversy."  Reyn's Pasta Bella, LLC v. Visa U.S.A., 259 F. Supp. 2d 992, 1001 (N.D. Cal.

18  2003) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

19  *grounds in* 510 U.S. 517 (1994)).  "'Immaterial' matter is that which has no essential or important

20  relationship to the claim for relief or the defenses being pleaded."  Fantasy, 984 F.2d at 1527

21  (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-

22  07 (1990)).  "'Impertinent' matter consists of statements that do not pertain, and are not necessary,

23  to the issues in question."  Fantasy, 984 F.2d at 1527 (quoting Wright & Miller, at 711).

24       "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money

25  that must arise from litigating spurious issues. . . ."  Fantasy, 984 F.2d at 1527 (quoting Sidney-

26  Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)). However, Rule 12(f) motions are

27  generally viewed with disfavor and not ordinarily granted because they are often used to delay and

28  because of the limited importance of the pleadings in federal practice.  Bureerong v. Uvawas, 922

1   F. Supp. 1450, 1478 (C.D. Cal. 1996).

2   II.     Analysis

3           Chase Auto moves to strike the portions of Plaintiff's Complaint that request punitive

4   damages, arguing that Plaintiff has not adequately plead that the defendants acted with

5   "oppression, fraud or malice."

6           California Civil Code section 3294(a) provides for recovery of punitive damages where a

7   plaintiff establishes by clear and convincing evidence that a defendant acted with "oppression,

8   fraud, or malice."  Cal. Civ. Code § 3294(a).  Chase Auto relies on several California cases which

9   set forth a heightened pleading standard for plaintiffs seeking punitive damages under Section

10  3294.  Chase Auto argues that Plaintiff does not make any specific factual allegations supporting

11  his claim that "Defendants acted with oppression, fraud or malice." (Compl. at 5.)  Chase Auto

12  also argues that, because it is a corporate defendant, subsection 3294(b) further requires Plaintiff

13  to allege acts of ratification or authorization by an officer of director of Chase Auto.

14          The Court declines to grant the motion to strike on these grounds.  While Section 3294

15  governs Plaintiff's substantive claim for punitive damages, the Federal Rules of Civil Procedure

16  govern the punitive damages claim procedurally with respect to the adequacy of pleadings.  See,

17  e.g., Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406-07 (C.D. Cal. 2005); Jackson v.

18  East Bay Hosp., 980 F. Supp. 1341, 1353 (N.D. Cal. 1997).  Rule 8(b) requires a pleading contain

19  "a short and plain statement of the claim showing that the pleader is entitled to relief;" and "a

20  demand for the relief sought."  Fed. R. Civ. P. 8(a)(1),(3).  Rule 9(b) further provides that "malice,

21  intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R.

22  Civ. P. 9(b).

23          A motion to strike pursuant to Rule 12(f) is a mechanism for the Court to strike "any

24  redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Chase Auto has

25  not demonstrated that Plaintiff's allegations regarding punitive damages constitute "redundant,

26  immaterial, impertinent, or scandalous matter."  If Plaintiff successfully satisfies the substantive

27  requirements of Section 3294, he may be entitled to punitive damages.  To the extent that Chase

28  Auto challenges the sufficiency of the factual allegations underlying the claims for punitive

damages, the proper medium is a motion to dismiss under Rule 12(b)(6), not Rule 12(f).

1                                        **CONCLUSION**

2              For the reasons stated above, the Court DENIES Chase Auto's motion to strike.

3              **IT IS SO ORDERED.**

4

5     **DATED:  March 23, 2010**

6              _____
              **IRMA E. GONZALEZ, Chief Judge**
7              **United States District Court**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28